UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMHITA GERA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UiPATH, INC., DANIEL DINES, and ASHIM GUPTA,<br><br>Defendants. | Case 1:23-cv-07908-DLC<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF KUNLING GENG FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF COUNSEL**

00762048;V1

Kunling Geng ("Geng") respectfully submits this memorandum of law in support of his motion for: (a) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (b) approval of Geng's selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the litigation.

## PRELIMINARY STATEMENT

Presently pending in this District is the above-captioned securities class action (the "Action") alleging violations of the Exchange Act against Defendants. The Action was brought on behalf of all those (the "Class") who purchased or otherwise acquired UiPath, Inc. ("UiPath" or the "Company") common stock between April 21, 2021 and March 30, 2022, inclusive (the "Class Period").

Under the PSLRA, a class action complaint alleging violations of the Exchange Act triggers statutory requirements for selecting the most adequate plaintiff to lead the action. The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, Geng satisfies these requirements and should be appointed as Lead Plaintiff in the Action. First, Geng lost $288,364 from his purchases of UiPath common stock during the Class Period. Geng believes his losses constitute the largest financial interest in the Action. Second, Geng satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23 as his claims are typical of the claims of the Class, he has no interests that are antagonistic to the Class, and he will fairly and adequately represent the interests of the Class. Geng, a Manager of Machine Learning/AI with a Ph.D. in Biomedical Engineering, lives in California and has

been investing in the securities markets for more than 10 years. Geng also selected Bernstein Liebhard LLP, experienced and qualified counsel who can adequately represent the Class.

Accordingly, Geng respectfully requests that the Court grant his motion to appoint him as Lead Plaintiff and to approve his selection of Bernstein Liebhard LLP as Lead Counsel.

## FACTUAL BACKGROUND

UiPath is a global provider of robotic process automation (RPA) software. RPA software allows companies to use installed "robots" to execute mundane and menial tasks on behalf of their employees, freeing up those employees to perform more valuable tasks. Such tasks include, for example, logging into applications, extracting information from documents, moving folders, filling in forms, and updating information and databases. UiPath markets its software platform as an "end-to-end" solution that allows its customers to discover novel automation opportunities, as well as build, manage, run, engage, and govern their automations.

Plaintiff alleges that Defendants made false and misleading statements and/or failed to disclose that: (i) UiPath had enacted a widespread discounting program prior to its IPO, which had the effect of temporarily boosting UiPath's revenue and annualized recurring revenue ("ARR") metrics, cannibalizing its future sales, eroding UiPath's margins, and increasing the risk of client churn; (ii) UiPath's actual total addressable market was not as large as portrayed by defendants, because many companies included in UiPath's market survey did not need the type of high-cost, high-functionality automation products offered by UiPath; (iii) UiPath was losing customers to Microsoft, ServiceNow, SAP, Salesforce, IBM, and other established enterprise software vendors that were building automation into their platforms; (iv) UiPath was losing customers due to the increased availability of low-code automation software offered by vendors, such as Microsoft's Power Automate software, which were capable of addressing the majority of

customer use cases at a fraction of the price of UiPath's products and services; and (v) UiPath was suffering from a loss of channel sales due to strained relationships with UiPath's partners as a result of increased competition between UiPath and these partners.

On March 30, 2022, UiPath announced financial results for the quarter and year ended January 31, 2022. UiPath reported revenues of just $289.7 million during the quarter, representing year-over-year growth of only 39%. UiPath also revealed disappointing ARR and revenue guidance, with declining growth trends adversely impacting UiPath expected to continue. On this news, UiPath's common stock fell over 25%.

## ARGUMENT

**I.     THE COURT SHOULD APPOINT GENG AS LEAD PLAINTIFF**

    **A.     The Procedure Required by the PSLRA**

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the

Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

    i)      has either filed the complaint or made a motion in response to an Early Notice;

    ii)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

    iii)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Geng meets the foregoing criteria, and therefore is entitled to the presumption of being the most adequate Lead Plaintiff to represent the Class.

    **B.**    **Geng is the Most Adequate Plaintiff**

Geng respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, he believes that he has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

        **1.**    **Geng's Motion is Timely**

On September 6, 2023, the Early Notice was published via a widely circulated national business-oriented wire service. *See* Seidman Decl. Ex. A. Accordingly, putative class members had until November 6, 2023, to file lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II)

("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.").

Geng timely filed this motion in response to the Early Notice. Geng also filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to his review of the complaint in the Action and his willingness to serve as representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Seidman Decl., Ex. B. As such, Geng satisfies the first requirement to serve as Lead Plaintiff.

### 2. Geng Believes He Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or Geng with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Geng suffered losses of $288,364 in connection with his purchases of UiPath common stock during the Class Period. *See* Seidman Decl., Ex. C. Geng is not aware of any other movant that has suffered greater losses in UiPath's common stock during the Class Period. Accordingly, Geng believes that he has the largest financial interest in this litigation.

### 3. Geng Meets the Requirements of Fed. R. Civ. P. 23

"At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the [typicality and adequacy] requirements of Rule 23 are met is necessary." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015). Geng satisfies these Rule 23 requirements.

#### a. Geng's Claims Are Typical of Those of the Class

A lead plaintiff movant is typical of other proposed class members under Rule 23 if "its claims…arise from purchases made in reliance on the same alleged misstatements and omissions

that the complainants and other movants base their claims on, and they also seek the same relief, based on the same legal theories." *Kukkadapu v. Embraer S.A.*, No. 16 CIV. 6277 (RMB), 2016 WL 6820734, at *2 (S.D.N.Y. Oct. 20, 2016). Geng's claims are typical of the Class in that he suffered the same injury as a result of the same course of conduct by Defendants, and bases his claims on the same legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether (i) Defendants violated the federal securities laws; and (2) the members of the Class sustained damages and, if so, what is the proper measure of damages. These questions apply equally to Geng as to all members of the Class. Since Geng's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### b. Geng Will Adequately Protect the Interests of the Class

The adequacy requirement, in turn, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015).

Geng is an adequate Lead Plaintiff. Geng and members of the Class have the same interest: to maximize the recovery from Defendants. Because of Geng's financial stake in the litigation, Class members can be assured that Geng has the incentive to vigorously prosecute the claims. In sum, Geng is well-suited to serve as lead plaintiff. Geng also demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the

area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits both in this District and nationwide.

**II.     THE COURT SHOULD APPROVE GENG'S CHOICE OF COUNSEL**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Seidman Decl. Ex. D (Firm Résumé of Bernstein Liebhard). Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country and in this district. Some of the firm's most recent Lead Counsel appointments include *Teroganesian v. Southwest Airlines Co. et al.*, Case No. 4:23cv00115 (S.D. Tex.); *Ouranitsas v. Tupperware Brands Corporation et al.*, Case No. 6:23cv00511 (M.D. Fla.); *Saye v. NIO Inc. et al.*, Case No. 1:22cv07252 (S.D.N.Y.); *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319 (C.D. Cal.); *Valdes v. Kandi Technologies Group, Inc.*, No. 2:20-cv-06042 (E.D.N.Y.); *Vitiello et al. v. Bed Bath & Beyond, Inc.* et al., No. 2:20-cv-04240 (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770 (E.D.N.Y.). *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJW (C.D. Cal.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2022, Bernstein Liebhard was listed for the sixteenth consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms &*

*Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2012) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21-MC-92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

## CONCLUSION

For the foregoing reasons, Geng respectfully requests that this Court: (1) appoint Geng as Lead Plaintiff for the Action, and all subsequently-filed, related actions; and (2) approve Geng's selection of Bernstein Liebhard as Lead Counsel for the litigation.

Dated: November 6, 2023                     Respectfully submitted,

*/s/ Joseph R. Seidman, Jr.*
**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  lhasson@bernlieb.com
              seidman@bernlieb.com

*Counsel for Geng and Proposed Lead Counsel for the Proposed Class*

## CERTIFICATE OF SERVICE

     I, Joseph R. Seidman, Jr., hereby certify that on November 6, 2023, a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: November 6, 2023                                         */s/ Joseph R. Seidman, Jr.*
                                                                              Joseph R. Seidman, Jr.