UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMHITA GERA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>UiPATH, INC., DANIEL DINES, and ASHIM GUPTA,<br><br>Defendants. | Civil Action No. 1:23-cv-07908 |

**MEMORANDUM OF LAW OF PAUL SEVERT IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ............................................................................................................................ 2

ARGUMENT .................................................................................................................................. 3

    I.     THE COURT SHOULD DENY YAO'S MOTION FOR APPOINTMENT ........................................................................................................3

    II.    THE COURT SHOULD GRANT SEVERT'S MOTION FOR APPOINTMENT ........................................................................................................7

CONCLUSION ............................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**P**<small>AGE</small>(S)

**C**<small>ASES</small>

*Applestein v. Medivation, Inc.*,
  No. C 10-00998, 2010 WL 3749406 (N.D. Cal. Sept. 20, 2010) ..............................................6

*Batter v. Hecla Mining Co.*,
  No. 19-CV-05719 (ALC), 2020 WL 1444934 (S.D.N.Y. Mar. 25, 2020) ............................3, 7

*Borochoff v. Glaxosmithkline*
  246 F.R.D. 201, 203 (S.D.N.Y. 2010) ...................................................................................3

*Eichenholtz v. Verifone Holdings, Inc.*,
  No. C07-06140, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008)..............................................6

*In re Ahold, N.V. Sec. and ERISA Litig.*,
  219 F.R.D. 343 (D. Md. 2003)................................................................................................4

*In re Baan Sec. Litig*.
  271 F. Supp. 2d 3 (D. D.C. 2002)...........................................................................................5

*In re Network Associates Inc. Sec. Litig.*,
  76 F. Supp. 2d 1017 (N.D. Cal. 2001) ...................................................................................5

*In re PPDAI Sec. Litig.*,
  No. 18-CV-6716, 2022 WL 198491 (E.D.N.Y. Jan. 21, 2022) ...............................................5

*Junjiang Ji v. Jling Inc.*,
  No. 15-CV-4194, 2019 WL 1441130 (E.D.N.Y. March 31, 2019) .........................................5

*Lako v. Loandepot, Inc.*,
  No. 821CV01449JLSJDE, 2022 WL 1314463 (C.D. Cal. May 2, 2022).................................6

*Modrak v. Talis Biomedical Corp.*
  No. 22-CV-001045, 2022 WL 1914066 (N.D. Cal. June 3, 2022)...........................................6

*Osorio-Franco v. Spectrum Pharmaceuticals, Inc.*,
  22-CV-10292, 2023 WL 2586909 (S.D.N.Y., March 21, 2023) .........................................4, 7

*Pearlstein v. Blackberry Limited*,
  No. 13-cv-7060, ECF No. 36 (S.D.N.Y. March 25, 2014) ......................................................4

*Prefontaine v. Research in Motion Ltd.*,
  No. 11 CIV. 4068, 2012 WL 104770 (S.D.N.Y. Jan. 5, 2012)................................................7

*Sgalambo v. McKenzie*,
   268 F.R.D. 170 (S.D.N.Y. 2010) ............................................................................................3

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
   Rule 23 ................................................................................................................................1, 3, 7
   Rule 10b-5 ....................................................................................................................................2

15 U.S.C.
   §78u-4(a)(3)(B) ............................................................................................................................1
   §78u-4(a)(3)(B)(v) ........................................................................................................................8

Lead plaintiff movant Paul Severt ("Severt") respectfully submits this memorandum of law in opposition to the competing motions for appointment of lead plaintiff and lead counsel.

## PRELIMINARY STATEMENT

This is a securities class action brought on behalf of all purchasers of UiPath, Inc. ("UiPath" or the "Company") common stock. There are presently five competing motions for appointment of lead plaintiff and lead counsel.[1] Of the competing movants, Severt has the second highest claimed loss of $454,692. ECF No. 41-3. One movant, Wu Wang Yao ("Yao"), claims a higher loss of $1,044,449. ECF No. 35-1 at 16.

Severt opposes the appointment of Yao as lead plaintiff because Yao is not adequate and typical within the meaning of Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. §78u-4(a)(3)(B) ("PSLRA"). Yao is a retiree and apparent day-trader based in Xiamen, Fujian Province in the People's Republic of China ("China"). ECF No. 35-4 at ¶2. During the Class Period, Yao purports to have engaged in nearly *875* purchases or sale transactions in UiPath stock. *See* ECF No. 35-1.

Yao's leadership motion suffers from two deficiencies. ***First***, there are serious questions about Yao's ability to effectively lead this action from her location in Xiamen, China. Although courts in this District have expressed a willingness to appoint foreign investors as lead plaintiffs, they have refrained from doing so where a proposed movant's residency raises concerns about adequacy. Here, Yao's residency in China raises concerns because Chinese law hinders Yao's ability to participate in discovery in this action and will not recognize a judgment against Yao

---

[1]   *See* Motion to Appoint Bristol County Retirement System Lead Plaintiff (ECF No. 23), Motion to Appoint Michigan Laborers' Pension Fund Lead Plaintiff (ECF No. 27), Motion to Appoint Wu Wang Yu Lead Plaintiff (ECF No. 32), Motion to Appoint Kunling Geng Lead Plaintiff (ECF No. 36), and Motion to Appoint Paul Severt Lead Plaintiff (ECF No. 39).

1

entered by this Court.  In light of these restrictions, there is serious doubt that Yao can effectively participate in this litigation.  ***Second***, Yao has engaged in an unusually high volume of transactions in UiPath, raising a concern about Yao's reliance on market prices and typicality.

In contrast to Yao, Severt is adequate and typical and fully able to manage this litigation.  Accordingly, for the reasons summarized herein and in Severt's opening papers, the Court should grant Severt's lead plaintiff motion and deny all competing motions.

## BACKGROUND

On September 6, 2023, Samhita Gera ("Gera") filed the above-captioned securities class action on behalf of those who purchased UiPath common stock between April 21, 2021, and March 30, 2022, inclusive (the "Class Period"), seeking remedies against Defendants under §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.  ECF No. 1.  That same day, pursuant to the PSLRA, counsel for Gera published the required notice to potential Class members advising them that the deadline to move for lead plaintiff and lead counsel appointment was November 6, 2023.  ECF No. 41-1.

As reflected in the table below, on November 6, 2023, seven UiPath shareholders filed motions to be appointed lead plaintiff and for their selection of counsel to be appointed lead counsel, each of which claimed the following losses (in order from largest to smallest):

| **Movant** | **Claimed Loss** |
|---|---|
| Wu Wang Yao | $ 1,044,449.00 |
| Paul Severt | $    454.692.04 |
| Kunling Geng | $    288,364.00 |
| Michigan Laborers' Pension Fund | $    284,796.00 |
| ~~Young Kwon~~ | ~~$    264,529.20~~ |
| Bristol County Retirement System | $    236,030.00 |
| ~~Ramesh Babu Kadiyam~~ | ~~$      29,541.01~~ |

On September 7, 2023, the Court entered an order setting November 22, 2023 as the deadline for any opposition to any motion for appointment of lead plaintiff. ECF No. 7. At present, only five of these original motions for appointment of lead plaintiff and approval of lead counsel remain pending.[2]

## ARGUMENT

### I.   THE COURT SHOULD DENY YAO'S MOTION FOR APPOINTMENT

Under the PSLRA, the Court should appoint the movant with the largest financial interest in the case as long as that movant satisfies the typicality and adequacy requirements of Federal Rule Civil Procedure 23. *See, e.g., Batter v. Hecla Mining Co.*, No. 19-CV-05719 (ALC), 2020 WL 1444934, at *7 (S.D.N.Y. Mar. 25, 2020) (finding movant with largest financial interest inadequate to serve as lead plaintiff). Here, Yao claims the largest of any movant but, in light of her residency and trading issues, is not adequate and typical within the meaning of Federal Rule Civil Procedure 23. Yao's residency in China raises serious adequacy concerns because Chinese law hinders her ability to participate in discovery and renders her beyond the reach of the orders of this Court, including a judgment against her, which would not be honored in Chinese courts.

Courts consider the adequacy issues raised by the residency of a foreign lead plaintiff movant on a case-by-case basis. In general, a movant's foreign residency is not a *per se* bar to appointment under the PSLRA. *Sgalambo v. McKenzie,* 268 F.R.D. 170, 176 (S.D.N.Y. 2010) (rejecting argument that courts are generally "wary" of appointing foreign investors as lead plaintiff). However, courts in this District have repeatedly rejected foreign movants residing in countries that do not recognize United States judgments or where a foreign investor's residency

---

[2]   Notices of withdrawal or non-opposition have been filed by two of the original movants, Young Kwon and Ramesh Babu Kadiyam. *See ECF* Nos. 42 & 44.

3

raises other adequacy issues. *See e.g. Borochoff v. Glaxosmithkline plc*, 246 F.R.D. 201, 203 (S.D.N.Y. 2010) (holding that lead plaintiff presumption was rebutted as to German investor because "any judgment in this action (whether favoring plaintiffs or defendants) may be refused enforcement by a German court. If this Court's judgment on the merits neither protects a prevailing defendant against relitigation in Germany, nor grants a prevailing German plaintiff an enforceable damage judgment . . . it is a waste."); *Osorio-Franco v. Spectrum Pharmaceuticals, Inc.*, 22-CV-10292, 2023 WL 2586909, *2 (S.D.N.Y., March 21, 2023) ("Moreover, the fact that all members of the Spectrum Investor Group reside in Canada or China raises the concern that the course of litigation would be impacted by 'unique defenses based on geography or nationality.' … Spectrum Pharmaceuticals, Inc. is an American entity, the shares of which are traded on a U.S. exchange. . . Accordingly, the Court finds that a lead plaintiff based in the United States would more adequately represent the proposed class."); *Pearlstein v. Blackberry Limited,* No. 13-cv-7060, ECF No. 36 (S.D.N.Y. March 25, 2014) at pgs. 3-4 ("All parties agree that Linda Chang, one of the members of the Blackberry Limited Investor Group, experienced the greatest loss. However, Chang currently resides in Hong Kong. As a result, the court is concerned that Chang would not be able to meaningfully manage the litigation from abroad. This means that Chang's lawyers would likely control the litigation-precisely the opposite of Congress' intent in enacting the PSLRA … In other words, Chang may not be able to adequately protect the interest of the class."); *In re Ahold, N.V. Sec. and ERISA Litig.,* 219 F.R.D. 343, 353-4 (D. Md. 2003) (holding that lead plaintiff presumption was rebutted in light of "the possibility that foreign courts will not enforce a decision in favor of Royal Ahold against foreign plaintiffs in the class").

Here, as in the foregoing cases, China will not enforce the orders of this Court against Yao; and, any rulings or judgments will be advisory. *See e.g*. Hsu, Jason, "Judgment Unenforceability

4

in China," Fordham Journal of Corp. and Financial Law, 19 Fordham J. Corp. & Fin. L. 201 (2013) ("This Comment principally focuses upon the notoriously difficult enforcement of U.S. money judgments ("USMJs") in China in light of the absence of a treaty of reciprocity for the enforcement of judgments.  In particular, holders of USMJs are in a highly unenviable position when they discover that their Chinese adversaries have few to no assets in the United States and that they have few viable options in reducing their judgment into assets."); *In re PPDAI Sec. Litig.*, No. 18-CV-6716, 2022 WL 198491, *12 (E.D.N.Y. Jan. 21, 2022) ("Plaintiffs point to the fact that '[j]udgments obtained in the U.S. are not necessarily enforceable in China and, in fact, typically are not enforceable there,' which leads to a substantial risk that Plaintiffs would be unable to collect any judgment even if they prevailed in the [a]ctions.").  This fact strongly cuts against Yao's motion because it raises the distinct possibility that this litigation will be "a waste."

Moreover, Yao's residency in China also hinders her ability to participate in discovery and to efficiently litigate this matter.  For example, Chinese Civil Law, Article 277, prevents Yao from participating in a deposition in China – a prohibition that is enforced by criminal penalties. *Junjiang Ji v. Jling Inc.,* No. 15-CV-4194, 2019 WL 1441130, **5-6 (E.D.N.Y. March 31, 2019). This restriction has the potential to severely undermine the ability of this Court to conduct a merits trial.  *See generally id.*   The legal restrictions imposed by Chinese law compound the problems caused by language barriers and distance, both of which are not insignificant here and counsel against Yao's appointment.  *See In re Baan Sec. Litig*. 271 F. Supp. 2d 3, 13 (D. D.C. 2002) ("For Hirschmann, geographic and linguistic barriers impose an additional challenge, as he lives in Germany and at times required a translator to answer questions at his deposition. . .Given the dictates of the PSLRA, the Court is reluctant to proceed with an individual foreign investor as the lone lead plaintiff."); *In re Network Associates Inc. Sec. Litig*., 76 F. Supp. 2d 1017, 1030 (N.D.

5

Cal. 2001) ("Finally, both ING and KBC are foreign organizations. They are distant. . .The distances involved and some differences in business culture would impede their ability to manage and to control American lawyers conducting litigation in California. At trial, the representative plaintiff would normally testify and attend. In a long trial, it would be obviously difficult for ING or KBC to attend in its entirety. The Court certainly does not say that a foreign investor could never qualify. But these factors, when added to the others set forth above, reinforce the Court's conclusion that neither KBC nor ING can fairly and adequately represent the class.").[3]

In addition, Yao's trading pattern and apparent status as a day trader raise additional concerns regarding her adequacy and typicality. "Day traders may be subject to unique defenses because, while the class's damages stem from reliance upon the company's [offering statements], a day trader's damages may be attributed to "daily market volatility." *Lako v. Loandepot, Inc*., No. 821CV01449JLSJDE, 2022 WL 1314463, at *5 (C.D. Cal. May 2, 2022) (quoting *Eichenholtz v. Verifone Holdings, Inc*., No. C07-06140, 2008 WL 3925289, at *11 (N.D. Cal. Aug. 22, 2008)). "At minimum," evidence of extensive day trading is sufficient "to raise serious concerns about his typicality and about his susceptibility to the defense that he was trading in response to information other than the alleged misstatements and omissions made by" the company. *Id*. (quoting *Applestein v. Medivation, Inc*., No. C 10-00998, 2010 WL 3749406 (N.D. Cal. Sept. 20, 2010)). The trading data submitted by Yao demonstrates that she is a day trader; the data shows that Yao engaged in hundreds of transactions during the Class Period and, on certain days, engaged in

---

[3] The court discussed similar concerns regarding the appointment of a Chinese national as lead plaintiff in *Modrak v. Talis Biomedical Corp*. No. 22-CV-001045, 2022 WL 1914066, **1-3 (N.D. Cal. June 3, 2022) ("The Court questioned whether the fact that Yu is a Chinese national who resides in China would create logistical difficulties impacting his ability to serve as lead plaintiff, particularly in light of the current COVID-19 travel restrictions imposed by the Chinese government"). Ultimately, the *Modrak* Court resolved the issue by appointing the movant with the second largest loss as a co-lead plaintiff. *Id*. at *3 (stating that the court "is satisfied that their joint appointment will ensure that the class is adequately represented").

dozens of transactions.  *Compare* ECF No. 35-1; *with Lako*, 2022 WL 1314463, at *5 (relying on FINRA definition of day trader to find that movant who "execut[ed] four or more day trades within five business days using the same account" was a day trader).

While Yao's status as a day trader is not a *per se* bar against appointment (*see e.g. Prefontaine v. Research in Motion Ltd.*, No. 11 CIV. 4068, 2012 WL 104770 (S.D.N.Y. Jan. 5, 2012)), it certainly weighs against her appointment.  That is particularly the case here because, at minimum, Yao's trading strategies will be heavily scrutinized by Defendants, requiring extensive written and deposition discovery.  This discovery will be difficult in light of the Chinese law discussed herein.  For example, to the extent Yao's trading platform is based in China, that platform may not need to comply with subpoenas issued by this Court.  Yao will not be able to participate in a deposition based in China.  Should Yao choose to make herself available for a deposition in another country, her ability to effectively represent the Class may nonetheless be hampered by cultural and language barriers.

In light of these facts, there is "a colorable risk" that Yao is inadequate.  *Hecla*, 2020 WL 1444934, *7.  Accordingly, Yao's leadership motion should be denied.  *Id*.  ("Where 'there is at least a potential that the presumptively most adequate lead plaintiff will be subject to unique defenses and will not fairly and adequately protect the interests of the class' disqualification is appropriate."); *see also Osorio-Franco*, 2023 WL 2586909 at *1-3 (disqualifying movant based on totality of evidence regarding movant's adequacy).

## II.     THE COURT SHOULD GRANT SEVERT'S MOTION FOR APPOINTMENT

Unlike Yao, Severt satisfies the Rule 23 inquiry.  He is a member of the Class and has claims that arise from the alleged misleading statements, he suffered economic injuries thereby, and he has no unique defenses that apply to him.  He is also adequate because he has no conflict

of interest with the other members of the Class, he has a sufficient interest in the outcome of this case, having lost $454,692.04, as a result of Defendants alleged wrongdoing, and he has selected counsel that is qualified, experienced, and genuinely able to conduct this litigation. *See* ECF No. 40 at 5-8.[4] Moreover, nothing in the record demonstrates that Severt is not adequate or typical. Accordingly, Severt should be appointed lead plaintiff.

Because "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class," *see* 15 U.S.C. §78u-4(a)(3)(B)(v), Severt's selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott) to serve as Lead Counsel should likewise be approved. Scott+Scott is an international law firm that specializes in securities class action cases throughout the country and has significant resources to litigate this case. Scott+Scott consists of over 110 team members, including over 70 highly experienced attorneys. Scott+Scott also includes a team of paralegals, legal assistants, and other support staff, including in-house investigators and an e-discovery litigation support staff. *See* ECF No. 41-5 (firm resume).

Scott+Scott also has a long track record of successfully leading, litigating, and resolving securities class actions in both state and federal courts, including in this District, and is actively litigating numerous such actions. *See, e.g., City of Omaha Police and Firefighters Retirement System v. Cognyte Software Ltd.,* No. 23-cv-01769 (S.D.N.Y.); *Pompano Beach Police and Firefighters Retirement System v. Olo Inc.*, No. 22-cv-8228 (S.D.N.Y); *Jochims v. Oatly Group AB,* No. 22-cv-6360 (S.D.N.Y.); *Peterson v. TriplePoint Venture Growth BDC Corp., et al.,* No. 23-cv-02980 (N.D. Cal.); *Sundaram v. Freshworks, Inc.,* No. 3:22-cv-6750 (N.D. Cal.); *Abadilla*

---

[4] For the avoidance of doubt, Severt's loss is calculated using the class period transactions listed on his Schedule A, which is attached to his duly executed PSLRA certification. *See* ECF No. 41-2. The prices listed on his Schedule A reflect the prices paid (or received) during regular and/or aftermarket trading on the dates indicated.

*v. Precigen, Inc.,* No. 20-cv-06936 (N.D. Cal.); *City of Birmingham Relief and Retirement System v. Acadia Pharmaceuticals Inc.,* No. 21-cv-762 (S.D. Cal.); *Golubowski v. Robinhood Markets,* No. 21-cv-9767 (N.D. Cal.); and *Strezsak v. Ardelyx Inc.*, No. 21-cv-5868 (N.D. Cal.).

In addition, Scott+Scott's team has achieved several significant successes in other securities and complex class action matters. *See, e.g., In re: Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13-cv-7789 (S.D.N.Y.) (achieved over $2.3 billion in final-approved settlements); *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-cv-07126 (S.D.N.Y.) (recovered $504.5 million for investors who transacted in ISDAfix agreements).[5]

Scott+Scott should therefore be appointed Lead Counsel to represent the Class.

## CONCLUSION

For all the foregoing reasons, Severt respectfully requests that the Court: (1) appoint Severt as Lead Plaintiff on behalf of the Class; (2) approve Severt's selection of counsel, Scott+Scott, as Lead Counsel; and (3) deny all competing motions for appointment of lead plaintiff.

DATED:  November 22, 2023                              **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 */s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV
Rhiana L. Swartz
Jonathan Zimmerman (*pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 17th Floor

---

[5] Other recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re Micro Focus International plc Sec. Litig.*, Lead Case No. 18CIV01549 (CA Super. San Mateo Cnty.) ($107.5 million settlement); *Okla. Firefighters Pension & Ret. Sys. v. Newell Brands Inc.*, No. L-003492-18 (N.J. Sup. Ct. Hudson Cnty.) ($102.5 million settlement); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

*Counsel for Lead Plaintiff Movant Paul Severt and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian J. Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile: 310-388-0192
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant Paul Severt*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

 */s/  Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV
