UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE UIPATH, INC. SECURITIES LITIGATION | Case No. 1:23-cv-07908-DLC<br><br>CLASS ACTION<br><br>**JOINT STIPULATION AND [PROPOSED] DISCOVERY CONFIDENTIALITY ORDER** |

It appearing that discovery in the above-captioned action (the "Action") is likely to involve the disclosure of confidential information, the Parties[1] having agreed to the following terms, and having due regard to the submission by the Parties regarding the need for protection of confidential information, it is hereby **ORDERED** as follows:

**I.     INFORMATION THAT MAY BE DESIGNATED CONFIDENTIAL**

1)     Any Party to this litigation and any non-party, as described in paragraph 7, shall have the right to designate material produced ("Discovery Material") as "Confidential," and subject to this Discovery Confidentiality Order (the "Order"), any "Information," including, but not limited to, any document, electronic or computerized data compilation, deposition testimony or exhibit, interrogatory response, response to requests for admission, or any other materials, or portion of such Information that the party reasonably and in good faith believes contains:

  A.  Information entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure;

  B.  Any documentation containing "personal data" as defined in Article 4(1) of the European General Data Protection Regulation (2016/679);

---

[1] For the purposes of this Order, the "Parties" are Lead Plaintiff Paul Severt and Defendants UiPath, Inc. and Daniel Dines, and their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order. Any additional party that joins or intervenes in this Action shall be bound by this Order and shall be deemed a "Party" in accordance with this Order.

    C.    Previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sales margins);

    D.    Previously nondisclosed material relating to ownership or control of any nonpublic company;

    E.    Previously nondisclosed business plans, product development information, or marketing plans;

    F.    Confidential, proprietary, or otherwise sensitive information the disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, cause the producing person to violate his, her, or its privacy or confidentiality obligations to third parties;

    G.    Any information of a personal or intimate nature regarding any individual;

    H.    Any other category of information hereinafter given confidential status by the Court; or

    I.    Information received in confidence from third parties.

2)    Any copies or reproductions, excerpts, summaries, or other documents or media (*e.g.*, electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in general terms) Confidential Information shall also be Confidential Information in accordance with this Order.

3)    "Protected Data" refers to any information that a party believes in good faith requires additional protections, beyond those provided to information designated as "Confidential" pursuant to this Confidentiality Order, under applicable federal, state, or foreign data protection laws or other privacy obligations. Protected Data constitutes highly sensitive materials requiring special protection. An example of such data protection laws includes but is not limited to the European Union's General Data Protection Regulation (GDPR). Protected Data includes but is not limited to information relating to an identified or identifiable living individual, including the individual's name; physical, IP, or email address; identification number; and location data.

2

Protected Data may be designated as "Confidential." The parties shall meet and confer regarding any proposed limitation on the collection, review, and production of Protected Data that Defendants believe, in good faith, is required under any applicable data protection laws, including the relevant laws of the European Union.

4) Information that has previously been disclosed or is otherwise available through alternative public means, Information that is in the public domain (which is already known by the receiving party through proper means), or Information which is or becomes available to a party through proper means from a source other than the party asserting confidentiality and who rightfully is in possession of such Information on a nonconfidential basis shall not be deemed or considered to be Confidential Information under this Order.

## II. DESIGNATION OF DISCOVERY MATERIALS AS CONFIDENTIAL

5) Information may be designated as Confidential by any Party or by any non-party that has produced such Confidential Information within the meaning of this Order. A Party can designate Information as Confidential that has been produced by any Party or by any non-party.

6) A non-party from whom Information is sought by the Parties may designate Information as Confidential consistent with the terms of this Order. Under such circumstances, Information designated Confidential by such non-party is assigned the same protections as Information designated Confidential by a Party and all duties applicable to a Party shall apply to such non-party designating Information as Confidential. All obligations applicable to a Party receiving such Confidential Information from another Party shall apply to any Party receiving such Confidential Information from a non-party.

7) Any Party to this litigation or any non-party covered by this Order who produces or discloses any Confidential Information shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL—SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER." The Parties shall determine how such designation is to be made for electronically stored information.

3

Case 1:23-cv-07908-DLC    Document 219-1    Filed 12/13/24    Page 5 of 16

### III. PERMISSIBLE USES OF CONFIDENTIAL INFORMATION

8) All Confidential Information shall be used by the receiving Party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving Party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving Party to anyone other than those set forth in Paragraph 11 unless and until the restrictions herein are removed either by written agreement of counsel for the Parties or by order of the Court.

9) All Discovery Material (irrespective of whether designated Confidential, or without any confidentiality designation) shall be used solely for purposes of the prosecution or defense of the Action (including any attempted settlement thereof or appeal therefrom), or the enforcement of insurance rights with respect to the Action, and for no other purpose whatsoever. For the avoidance of doubt, the use of Discovery Material is restricted to the Action and may not be used in any other action even if such action involves the same parties or counsel, or similar subject matter.

10) The restrictions on use and disclosure of Discovery Material designated Confidential imposed by this Confidentiality Order remain in force and effect unless and until they are removed either by written agreement of counsel for the parties or by order of the Court.

11) Confidential Information shall be disclosed only to the following individuals under the following conditions:

    A. Attorneys of record in this Action, outside counsel (herein defined as any attorney at the Parties' outside law firms), and relevant in-house counsel for the Parties.

    B. Regular employees of the attorneys described in Section 13(A), including secretarial or administrative staff, paralegals, and duplicating and data processing personnel.

    C. Outside experts or consultants retained by a Party or a Party's counsel in connection with this action (herein, "Qualified Persons"), provided such

4

        Qualified Persons have signed a non-disclosure agreement in the form attached hereto as Exhibit A.

D.     The Court and any appellate court to which this lawsuit is appealed and personnel of any such court provided that the Confidential Information is filed under seal.

E.     Mediators and arbitrators and their staff, as engaged by the Parties or appointed by the Court.

F.     Deponents in this action, provided that such persons are not allowed to retain any documents or other material containing Confidential Information, and potential witnesses, whose deposition has been noticed and who signed the form attached hereto as Exhibit A, except that the following categories of deponents shall not be required to sign Exhibit A in order to view Confidential Information during a deposition:

    1.     Current or former officers, employees, or directors of the producing party.

    2.     Individuals (including Rule 30(b)(6) deponents) represented, for purposes of their deposition, by counsel for the producing party, or by counsel for a party to this litigation that has a joint interest in this litigation with the producing party.

    3.     Original authors or recipients of the Confidential material.

In the event that a deponent otherwise required to sign Exhibit A in order to view Confidential material refuses to do so, the deponent shall not be shown the Confidential material and the deponent's deposition shall not be considered complete until the deposing party has had an opportunity to raise and resolve the issue with the Court.

G.     Litigation support and electronic discovery vendors, copy services, data entry, and computer support services retained by or for the Parties to assist

5

        in preparing for pretrial discovery, trial, and/or hearings, including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions as well as their staff, and stenographic and clerical employees whose duties and responsibilities require access to Confidential Information.

H.    Lead Plaintiff Paul Severt and Defendant Daniel S. Dines, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A and such Exhibit A has been circulated to all counsel of record.

I.    In the case of Parties that are corporations or other business entities, the executives or individuals who participate in decisions with reference to this lawsuit, and any insurance carriers, or their representatives, whose insurance coverage is implicated by or who are paying defense costs associated with this litigation.

12)    Confidential Information shall be used only by individuals permitted access to it under Paragraph 11. Confidential Information shall not be disclosed in any manner to any other individual, until and unless (a) counsel for the Party or non-party asserting confidentiality waives the claim of confidentiality or (b) the Court orders such disclosure.

13)    To the extent that a designating party believes that certain Protected Data requires alternative or additional protections beyond those afforded Confidential Discovery Material, it shall notify the receiving parties. The parties shall then meet and confer in good faith and, if unsuccessful, the designating party shall move the Court for appropriate relief.

14)    Counsel shall be responsible for assuring compliance with the terms of this Confidentiality Order with respect to authorized persons to whom such counsel discloses Confidential Information. Where such persons are required to execute a non-disclosure agreement, counsel disclosing Confidential Information shall obtain and retain the non-disclosure agreement executed by those persons.

6

15) With respect to any deposition that involves a disclosure of Confidential Information, such Party shall have until thirty (30) days after receipt of the deposition transcript to inform all other Parties that portions of the transcript are to be designated Confidential. This period may be extended by agreement of the Parties. No deposition transcript containing Confidential Information shall be disclosed to any individual other than the individuals described in Paragraph 11 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 11 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with the terms of this Confidentiality Order.

16) To the extent that any Party is not permitted (whether by contract, rules of an arbitral forum, agreement that led to the submission of a dispute to an arbitral forum, or otherwise) to produce Confidential Information sought by another Party in discovery in the above-captioned action without a court order or other legal requirement to produce the Information in question, this Order shall constitute the requisite court order or other legal requirement mandating the production of that Information; *provided, however*, that the producing Party shall mark any such Information as "Confidential" as applicable, in accordance with the terms of this Order; and *provided further* that the producing Party shall only produce such Information to the extent that such production is required by the Federal Rules of Civil Procedure.

17) If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Information, that Party must: (a) promptly notify in writing the designating Party, such notification shall include a copy of the subpoena or court order;
(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order, such notification shall include a copy of this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Confidential Information may be

7

affected. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

18) Nothing in this Order shall prevent a producing person from using Confidential Information that the producing person produced in any way the producing party so chooses.

19) This Order does not govern the use of Confidential Information at trial.

## IV. CHALLENGES TO CONFIDENTIAL DESIGNATIONS

20) In the event that counsel for a Party deems it necessary to disclose any Confidential Information to any person not contemplated in Paragraph 11, counsel shall make a request to counsel for the producing Party or non-party in writing or on the record in a deposition or proceeding before the Court, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the Party seeking to make the disclosure of the Confidential Information may move the Court to rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure. No disclosure shall be made until such motion is decided in favor of the movant.

21) If a Party objects to the designation of a document as Confidential under this Order, the following procedure shall apply:

    A. Counsel for the objecting party shall serve on the designating Party or designating non-party a written objection to such designation, which shall describe with particularity the documents or Information in question and shall state the grounds for objection. Counsel for the designating Party or non-party shall respond in writing to such objection within five (5) business days, and shall state with particularity the grounds for asserting that the

8

        Information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating Party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    B.    If a dispute as to designation of Confidential Information cannot be resolved by agreement, the proponent of the challenged designation shall present the dispute to the Court initially by letter-motion, in accordance with Local Civil Rule 37.2 and Judge Cote's Individual Practices in Civil Cases § 2.C, before filing a formal motion for an order regarding the challenged designation. The Information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. The burden of proving that the Information is entitled to such Confidential designation shall be on the designating Party or non-party.

22)    All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.2 and the Electronic Case Filing rules. The parties will use their best efforts to minimize such sealing.

23)    To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Information that could have been designated as such, regardless of whether the Information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim to confidentiality, either as to the specific Information disclosed or as to any other Information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by a written notification provided within a reasonable time after disclosure to counsel for all Parties and non-parties to whom the material was disclosed. Such notice shall constitute a designation of the Information as Confidential under this Order.

9

24) When the inadvertent or mistaken disclosure of Information protected by any privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b), as appropriate. Such inadvertent or mistaken disclosure of such Information shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity, provided that the producing party complied or complies with the provisions of Rule 502(b) of the Federal Rules of Evidence. The parties also agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of privileged materials in this action is not a waiver of the privilege in any other federal or state proceeding. Nothing herein, however, restricts the right of the receiving party to challenge the producing person's claim of privilege if appropriate after receiving notice of the inadvertent or mistaken disclosure. The disclosing Party or non-party shall retain the burden of establishing the privileged or protected nature of any inadvertently disclosed Information.

## V. MISCELLANEOUS

25) This Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

26) Any person in possession of another party's Confidential Discovery Material shall exercise the same care with regard to the storage, custody, or use of such Discovery Material as they would apply to their own material of the same or comparable sensitivity. Receiving parties must take reasonable precautions to protect Confidential Discovery Material from loss, misuse, and unauthorized access, disclosure, alteration, and destruction, including but not limited to:

> A. Reasonably preventing unauthorized persons from gaining access to Confidential Information (physical access control);

    B. Reasonably preventing Confidential Information from being used without authorization (logical access control), including, but not limited to, the use of passwords;

    C. Reasonably ensuring that persons entitled to use Confidential Information gain access to such Confidential Information only as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, Confidential Information cannot be read, copied, modified, or deleted without authorization (data access control);

    D. Reasonably ensuring that Confidential Information cannot be read, copied, modified, or deleted without authorization during electronic transmission, transport, or storage or storage media, and that the target entities for any transfer of Confidential Information by means of data transmission facilities can be established and verified (data transfer control);

    E. Reasonably ensuring the establishment of an audit trail to document whether and by whom Confidential Information has been entered into, modified in, or removed from information processing systems (entry control); and

    F. Reasonably ensuring that Confidential Information is processed solely in accordance with instructions from the receiving party (control of instructions).

27) If the receiving party discovers a breach of security relating to the Confidential Information, the receiving party shall: (1) provide written notice to the designating party of such breach no later than five (5) business days after the receiving party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide designating party with reasonable assurance that such breach shall not recur; and (3) provide sufficient information about the breach, so that the designating party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement, or order to disclose such information, the receiving party shall take all reasonable steps to give the designating party sufficient prior notice in order to contest such request, requirement, or order through legal means. The receiving party

11

agrees to provide reasonable cooperation to the designating party or law enforcement in investigating any such security incident. In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.

28) If a receiving party learns that, by inadvertence or otherwise, it has disclosed the Confidential Information to any person or in any circumstance not authorized under this Confidentiality Order, the receiving party must, as soon as is practicable: (a) notify in writing the designating party of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the protected materials; and (c) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all the terms of this Confidentiality Order and have the person or persons execute a Declaration in the form annexed hereto as Exhibit A.

29) This Order shall survive the termination of this action, and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

30) Within sixty (60) days of the conclusion of this litigation, each Party and non-party subject to the terms hereof shall be under an obligation to assemble and return to the originating source or destroy all Confidential Information, should such source so request. Any material that constitutes attorney work product, including excerpts, summaries, and digests containing Confidential Information, need not be returned and need only be destroyed upon a request by the source of such Confidential Information. Counsel may retain complete copies of all transcripts and pleadings, including any exhibits attached thereto for archival purposes, subject to the provisions of this Order. To the extent a Party or non-party requests the return or destruction of Confidential Information from the Court or any appellate court after the conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, that Party or non-party shall file a motion seeking such relief.

31) If a party receives or has received Discovery Material from any natural person, partnership, corporation, association, or other legal entity not named as a party to this action, such Discovery Material shall be produced by the receiving party to the other parties to this action within five (5) business days and otherwise in accordance with the Federal Rules of Civil Procedure subject to all the procedures and protections of this Order.

32) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO ORDERED.**

Dated: 12/17/24

_____
Denise Cote, U.S.D.J.

**AGREED TO BY:**

| SCOTT+SCOTT ATTORNEYS AT LAW LLP | DAVIS POLK & WARDWELL LLP |
|---|---|
| /s/ Max R. Schwartz<br>Max R. Schwartz<br>Thomas L. Laughlin, IV<br>Jeffrey P. Jacobson<br>230 Park Ave., Fl 24<br>New York, NY 10169<br>Telephone: (212) 223-6444<br>mschwartz@scott-scott.com<br>tlaughlin@scott-scott.com<br>jjacobson@scott-scott.com<br><br>*Lead Counsel* | /s/ Edmund Polubinski<br>Edmund Polubinski<br>Patrick W. Blakemore<br>Marie Killmond<br>450 Lexington Avenue<br>New York, NY 10017<br>Telephone: (212) 450-4000<br>edmund.polubinski@davispolk.com<br>patrick.blakemore@davispolk.com<br>marie.killmond@davispolk.com<br><br>*Counsel for Defendants UiPath, Inc. and Daniel Dines* |

13

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE UIPATH, INC. SECURITIES LITIGATION | Case No. 1:23-cv-07908-DLC<br><br>AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER |

I, _____ (print or type name), state that:

1. My business or personal address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Discovery Confidentiality Order annexed hereto and so Ordered by the Court, and I agree to be fully bound by all provisions of the Discovery Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Information disclosed to me.

6. I will use the Confidential Information disclosed to me solely for purposes of this action.

7. No later than the conclusion of the case, I will return or destroy all Confidential Information and duplicates therefrom in any form in my possession, and documents or things that I prepared relating thereto, to counsel for the Party for whom I was employed or retained.

8. I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the Discovery Confidentiality Order.

I declare under penalty of perjury that the foregoing is true and correct.

Case 1:23-cv-07908-DLC    Document 219-1    Filed 12/13/24    Page 16 of 16

Dated: _____                           _____
                                                                        [Name]